UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-CR-149-KAC-DCP |
| ) | |
| DARTAVIA D. SMITH-WILSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is the Motion to Withdraw as Counsel and to Appoint Substitute Counsel [Doc. 64] filed by Assistant Federal Defender Nakeisha C. Jackson on August 3, 2022. The parties appeared before the Court for an in-person motion hearing on August 10, 2022. Assistant United States Attorney Anne-Marie Svolto represented the Government. Ms. Jackson appeared on behalf of Defendant, who was in attendance. CJA Panel Attorney Russell Greene was also present.

In the motion [Doc. 64], Ms. Jackson states she believes that the attorney-client relationship has deteriorated to the point that she can no longer effectively work with Defendant to properly conclude his case and that a conflict of interest has arisen. Ms. Jackson further elaborated on the basis for her motion to withdraw in a sealed filing that the Court has reviewed [Doc. 66 SEALED].

At the hearing, Ms. Jackson stated that on August 2, 2022, Defendant and his co-defendant appeared before the Court for their arraignment on the Superseding Indictment that was filed in this

case on July 20, 2022 [Doc. 60]. Ms. Jackson stated that she discussed the Superseding Indictment with Defendant and that an extensive amount of work has been done in Defendant's case. However, after the August 2 arraignment, it became clear that Defendant has lost trust in Ms. Jackson and FDSET, and he now requests that his current counsel withdraw and that substitute counsel be appointed to represent him. The Government stated no position as to the motion to withdraw.

The Court then conducted a sealed, *ex parte* hearing where the Court questioned Ms. Jackson and Defendant to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, the Motion to Withdraw as Counsel and to Appoint Substitute Counsel [**Doc. 64**] is **GRANTED**, and Ms. Jackson and FDSET are **RELIEVED** as counsel of record for Defendant. At the conclusion of the hearing, Attorney Greene agreed to accept representation of Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Greene under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Ms. Jackson and FDSET are **DIRECTED** to turn over all discovery and Defendant's file to Attorney Greene.

Prior to the conclusion of the hearing, the Court reviewed the current schedule with Mr. Greene, who advised that he would have a conflict with the October 11, 2022 trial date, and the Government indicated it would be providing Defendant and Attorney Greene with supplemental

discovery related to the Superseding Indictment [Doc. 60]. The Court encourages Attorney Greene to review Defendant's file and the supplemental discovery, meet with Defendant to discuss his case as soon as is practicable, and file any motion or take any action he deems necessary following his review of this matter and discussion with Defendant.

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw as Counsel and to Appoint Substitute Counsel [**Doc. 64**] is **GRANTED**;

(2) Ms. Jackson and FDSET are **RELIEVED** of further representation of Defendant, and Ms. Jackson and FDSET are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

(3) Attorney Russell Greene is **SUBSTITUTED and APPOINTED** as counsel of record for Defendant pursuant to the CJA.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge