UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:21-CR-149-KAC-DCP |
| DARTAVIA D. SMITH-WILSON, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is before the Court on Defendant Dartavia Smith-Wilson's Motion to Appoint New Counsel [Doc. 82], filed on October 3, 2022. On October 18, 2022, the parties appeared before the Court for a hearing on the motion. Assistant United States Attorney Suzanne Sullivan was present representing the Government. Attorney Russell Greene appeared along with Defendant. At the end of the hearing, the Court took the matter under advisement. The parties then appeared before the Court again on October 24, 2022, for a video motion hearing. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Greene appeared on behalf of Defendant, who was also present by video. CJA Panel member Mike Whalen was also present at the Court's request.

The Court initially appointed Nakeisha Jackson and Federal Defender Services as counsel for Defendant on November 3, 2021 [Doc. 6]. On August 3, 2022, Ms. Jackson filed a Motion to Withdraw as Counsel and to Appoint Substitute Counsel [Doc. 64]. Ms. Jackson further elaborated on the basis for her motion to withdraw in a sealed filing [Doc. 66 SEALED]. The Court held a hearing on the motion on August 10, 2022, a portion of which was conducted *ex parte*, for which CJA Panel Attorney Greene was present at the Court's request [Doc. 69]. Following the hearing,

the Court granted the Motion to Withdraw as Counsel and to Appoint Substitute Counsel [Doc. 64] and appointed Attorney Greene as counsel for Defendant [Doc. 71]. At that time, the trial was set for October 11, 2022 [Doc. 63]; however, Attorney Greene explained during the hearing that he would have a conflict with that trial date, and the Government noted that it would be providing Attorney Greene with supplemental discovery relating to the recently filed First Superseding Indictment [Doc. 60]. On September 13, 2022, Codefendant Elie filed a motion to continue trial [Doc. 76]. The Court granted the motion on September 28, 2022, continuing the trial date to January 17, 2023 [Doc. 81]. In the present motion, Defendant relates that he desires his case to be heard by a jury before the current January 17, 2023 trial date and, because counsel was unable to secure a trial prior to January, he requests new counsel.

At the October 18 hearing, Attorney Greene stated that he had filed the motion at Defendant's request, that he advised the Court and Defendant on August 10, 2022, that he would be unavailable for the trial date—then set for October 11—and that despite Defendant's request that the motion to appoint new counsel be filed, he would be willing to continue representing Defendant. The Court then conducted a sealed, *ex parte* inquiry with Defendant and Attorney Greene to learn the nature and extent of the problems with the attorney-client relationship. Based on statements made by Defendant during the *ex parte* inquiry, Attorney Greene joined in Defendant's motion to substitute counsel at the conclusion of the hearing. The Court then took the matter under advisement and continued the hearing until October 24, 2022.

At the October 24 hearing, the Court conducted a second sealed, *ex parte* inquiry with Defendant, Attorney Greene, and Attorney Whalen. Without going into the confidential nature of that portion of the hearing, the Court finds that, based on discussions and observations during the first *ex parte* inquiry on October 18, Attorney Greene and Defendant have experienced a

breakdown of trust in the attorney-client relationship that has compromised beyond repair Attorney Greene's ability to render effective assistance of counsel should he remain on the case. Accordingly, in light of the lack of trust and breakdown in communications between Defendant and Attorney Greene, which cannot be resolved but which the Court does not find to be Attorney Greene's fault, the Court finds that good cause exists to grant the present motion. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Motion to Appoint New Counsel [Doc. 82] is thereby **GRANTED** and Attorney Greene is **RELIEVED** as counsel of record for the Defendant.

At the conclusion of the October 24 hearing, Attorney Whalen agreed to accept representation of Defendant.[1] Accordingly, the Court **SUBSTITUTES** and **APPOINTS** Attorney Whalen under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court directed Attorney Greene to provide the discovery and information from Defendant's file to new counsel, and Attorney Greene stated he would provide the file and discovery to Attorney Whalen the same afternoon. Finally, after appointing Attorney Whalen as counsel for Defendant, the Court stated to Defendant Smith-Wilson—and reiterates again here—that this is his third appointed counsel and, absent extraordinary circumstances, he will not be granted an additional substitution of counsel.

Accordingly, the Court **ORDERS** as follows:

(1) The Motion to Appoint New Counsel [**Doc. 82**] is **GRANTED**;

(2) Attorney Greene is **RELIEVED** of his representation of Defendant Smith-Wilson and **DIRECTED** to provide the discovery and information from Defendant's file to new counsel; and

---

[1] Mr. Whalen noted that he has a previously scheduled trial in January 2023 that may conflict with the January 17, 2023 trial date in this case. He will review the discovery and file in this case to determine whether he can be ready for trial on that date.

(3) Attorney Mike Whalen is **SUBSTITUTED** and **APPOINTED** as Defendant Smith-Wilson's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge